IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BENJAMIN DAVIS,

    Plaintiff,

v.                                Civil Action No. 5:05CV168
                                          (STAMP)

PENN WHEELING CLOSURE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS
AND ESTABLISHING BRIEFING SCHEDULE**

### I. Background

Benjamin Davis ("Davis"), appearing pro se,[1] filed a complaint with the West Virginia Human Rights Commission ("WVHRC") alleging he was terminated because of his race. Following an investigation, WVHRC determined that there was no probable cause to move forward on Davis' complaint. In a subsequent proceeding, the United States Equal Employment Opportunity Commission ("EEOC") adopted the state agency's findings through a standard dismissal and notice of rights.[2]

Davis then filed a letter with this Court which initiated the above-styled civil action. In his letter, the plaintiff does not

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th Ed. 1999).

[2] This form was attached to plaintiff's letter and includes form language notifying the plaintiff of his right to sue following dismissal by the EEOC.

allege discrimination based on race, but argues that he was terminated in violation of an employment agreement with defendant, Penn Wheeling Closure Company ("Penn Wheeling"), and that the WVHRC investigation of his termination was inadequate. Davis attached to his letter-complaint a copy of his right to sue notice from the EEOC, a copy of an employment confirmation letter from Penn Wheeling and copies of the front and back of a "Withdrawal Card." Davis was given an application to proceed in forma pauperis and a notice of general guidelines for appearing pro se.

On November 28, 2005, the defendant filed a motion to dismiss the plaintiff's action. The plaintiff filed no response. Accordingly, on January 9, 2006, this Court entered what has come to be known as a Roseboro[3] notice directing the plaintiff to respond to the defendant's motion to dismiss. In its notice, this Court indicated that the plaintiff should respond within ten days.

The plaintiff filed an untimely response on January 24, 2006, which he appeared to have failed to serve upon the defendant. This Court entered an order accepting the filing, indicating that the plaintiff should serve opposing counsel in the future and directing the defendant to reply to the plaintiff's response on or before February 9, 2006. No reply was filed.

After considering the plaintiff's complaint in light of the defendant's motion to dismiss, this Court finds that the

---

[3]Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

defendant's motion to dismiss must be denied at this point in this action.

## II. Applicable Law

While the defendant has not indicated the federal rule by which it is pursuing its motion, the defendant has indicated that this Court should dismiss for lack of subject matter jurisdiction. Here, there has been no allegation that the parties are diverse, and this Court agrees with the defendant that both parties are residents of the State of West Virginia for jurisdictional purposes. Accordingly, this Court's subject matter jurisdiction must be resolved on the issue of whether or not this action seeks to resolve a federal question.[4]

Federal Rule of Civil Procedure 12(b)(1) provides a defendant with a procedural vehicle by which the defendant may move a federal court to dismiss a claim or suit on the ground that the court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Two standards are available under Rule 12(b)(1) depending on the contention of the moving party. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

Where the moving party argues that the complaint fails to allege facts sufficient to establish subject matter jurisdiction, as is the case in Penn Wheeling's motion, "the facts alleged in the

---

[4]District courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

3

complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. at 1219. The purpose of such a motion is to test the legal sufficiency of the complaint rather than the truthfulness of the factual allegations made in support of the plaintiff's claims. See Hall v. Virginia, 385 F.3d 421, 427 (4th Cir. 2004). The court must accept as true all well-pleaded allegations contained in the plaintiff's complaint and the court must view the complaint in a light most favorable to the plaintiff. See T.G. Slater & Son, Inc. v. The Donald P. & Patricia A. Brennan, LLC, 385 F.3d 836, 841 (4th Cir. 2004).

Though the plaintiff's allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff, the burden remains on the plaintiff to prove that federal jurisdiction is proper. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Richmond, Fredericksburg, & Potomac R.R. Co. v. United States, 945 F.2d 765, 768-69 (4th Cir. 1991); Adams, 697 F.2d at 1219. Nevertheless, this Court recognizes its duty to construe the plaintiff's pro se pleadings liberally and holds the plaintiff's pleadings to a standard less stringent than that of an attorney. See Boag v. MacDougall, 454 U.S. 364, 365 (1982).

Finally, where a party moving pursuant to Rule 12(b)(1) contends that the alleged jurisdictional facts are not true, the

4

role of the trial court changes to that of an ultimate factfinder, and the court should go beyond the plaintiff's allegations to consider evidence by affidavit, deposition or live testimony in determining its jurisdiction. Adams, 697 F.2d at 1219.

III. Discussion

A. Title VII

The first issue before this Court is whether the plaintiff has raised a claim based on a substantive right found in Title VII. As the defendant acknowledges, if the plaintiff has alleged that he was discriminated against by Penn Wheeling because of his race, this Court would have subject matter jurisdiction. See Def.'s Mot. Dismiss at 10.

In its motion to dismiss, the defendant acknowledges that the plaintiff is a member of a protected class and that, prior to filing the above-styled action, the plaintiff filed a claim with WVHRC alleging that "he was discriminated against because of his race." (Def.'s Mot. Dismiss at 2.) Nevertheless, the defendant argues that this Court lacks jurisdiction because no substantive Title VII claim has been raised by the plaintiff's complaint.

Because the defendant does not challenge the plaintiff's factual allegations with regard to his possible Title VII allegation, this Court proceeds as if the defendant were challenging this claim under Rule 12(b)(6). See Adams, 697 F.2d at 1219. Under the Rule 12(b)(6) standard as well as the standard for

reviewing pleadings of a pro se plaintiff, this Court believes that the defendant's interpretation of the plaintiff's complaint fails to construe his pleadings liberally and in the light most favorable to the plaintiff as required by Fourth Circuit law. See Boag, 454 U.S. at 365 (construe pro se plaintiff's complaint liberally); T.G. Slater & Son, Inc., 385 F.3d at 841 (when considering motion to dismiss, view complaint in light most favorable to plaintiff).

In his complaint, Davis states that he was terminated, that he has "numerous pieces of discriminating evidence" and that Penn Wheeling "hired two more die setters in stamping" while failing to honor their written promise to hire and train Davis as a die setter. (Compl. at 1.)(emphasis added). It is clear from Davis's complaint that these allegations were the basis of his WVHRC and EEOC claims that he was racially discriminated against by Penn Wheeling. It is equally as clear that these allegations are intended to support a federal claim for racial discrimination barred by Title VII. Thus, the plaintiff uses the phrase "discriminating evidence" to mean "evidence of discrimination." Similarly, Davis's allegation that others were hired in his place goes toward his claim of discrimination, at least for purposes of surviving a motion to dismiss for lack of jurisdiction.[5]

---

[5]It should be noted that the plaintiff alleges that he is a member of a protected class, albeit in his response to the defendant's motion. See Swofford v. Mandrell, 969 F.2d 547, 549 (7th Cir. 1992)(indicating that the court may look to other materials filed by a pro se plaintiff to evaluate the sufficiency

6

Ultimately, the plaintiff appears to take issue with the WVHRC's investigation because he feels the investigation failed to redress what he considers to have been a racially motivated termination as well as a racially motivated rejection by Penn Wheeling of a previous agreement to hire and train the plaintiff. What the defendant labels as a state law contract claim could also be viewed as a federal claim under Title VII.[6] As the defendant itself acknowledges, jurisdiction for such redress is specifically

---

of the complaint). The defendant was directed to reply to the plaintiff's response, but failed to provide this Court with a reply. Because the defendant failed to reply, the defendant never addressed points raised by the plaintiff in his response which further support this Court's understanding of the plaintiff's complaint as based, at least in part, on Title VII.

[6]The defendant's reliance on EEOC v. Keco Industries, Inc., 748 F.2d 1097 (6th Cir. 1984), EEOC v. St. Anne's Hospital, 664 F.2d 128 (7th Cir. 1981), EEOC v. General Electric Co., 532 F.2d 359 (4th Cir. 1976) and EEOC v. Chicago Miniature Lamp Works, 526 F. Supp. 974 (N.D. Ill. 1981) for the proposition "that it is improper to review the adequacy of the EEOC's investigation" is misplaced. See Def.'s Mot. at 9 n.4. At most, these cases stand for the proposition that an objection to the sufficiency of an investigation should not be used as "a basis for dismissing a charge of discrimination made by the EEOC." Keco at 1100. For example, Chicago Miniature Lamp Works holds that a defendant may not challenge a "reasonable basis" determination by attacking the EEOC's investigation. Id., 526 F. Supp. at 972. Indeed, St. Anne's Hospital actually analyzes the procedural sufficiency of the EEOC's investigation for several pages. Id., 664 F.2d at 130-31. Finally, General Electric Company simply holds that a "reasonable cause" determination by the EEOC can be based on facts uncovered during an investigation. Id., 532 F.2d at 364-65. At the very least, these cases are not applicable to this Court's subject matter jurisdiction over Davis' complaint and have no bearing on this Court's decision today.

created in the federal courts by Congress. 42 U.S.C. § 2000e5(f)(3); see also Def.'s Mot. at 8.

B. Labor Management Relations Act Preemption

The second issue before the Court is whether the plaintiff's allegation regarding a letter from Penn Wheeling triggers federal jurisdiction pursuant to the Labor Management Relations Act ("LMRA"). The defendant argues that any complaint based on an alleged breach of the letter cited by the plaintiff would not involve a violation or interpretation of a Collective Bargaining Agreement ("CBA"), and therefore, the plaintiff's claim would constitute a state law contracts claim. In the alternative, the defendant argues that if LMRA is implicated this action must still be dismissed because the plaintiff has failed to exhaust his administrative remedies, including arbitrating his claim. In response, the plaintiff appears to allege that he is a member of a union and actually requests arbitration.

The defendant's failure to reply to the plaintiff's response makes dismissal difficult at this point. It appears that these claims, if construed in the light most favorable to the plaintiff, raise questions that may involve interpretation of a CBA, if such an agreement even exists.[7] At the very least, this Court believes

---

[7]Without being critical, this Court believes that any issues regarding a collective bargaining agreement may have been resolved either by a party including the collective bargaining agreement at issue or definitively stating that the plaintiff was not a member of a union and not a party to a collective bargaining agreement

that the defendant has challenged certain jurisdictional allegations implicit in the plaintiff's complaint.[8] Accordingly, this Court finds it must evaluate for itself the merits of the jurisdictional claim and requires additional evidence to do so. See Int'l Longshoremen's Assoc., S.S. Clerks Local 1624, AFL-CIO v. Va. Int'l Terminals, Inc., 914 F. Supp. 1335, 1338 (4th Cir. 1996).[9]

In order to evaluate the defendant's challenge to this Court's jurisdiction over the plaintiff's possible claim under the LMRA, this Court requires the following: (1) evidence of whether the plaintiff was a party to a CBA with the defendant at the time the plaintiff was terminated; (2) receipt of a copy of the CBA at issue; (3) receipt of any employment contract between the plaintiff and the defendant.

## IV. Conclusion

For the reasons stated above, the defendant's motion to dismiss with regard to the plaintiff's Title VII claim is DENIED,

---

involving the defendant.

[8]Specifically, the defendant has challenged the existence of a collective bargaining agreement, has challenged whether the plaintiff has appropriately exhausted his remedies and has challenged whether the letter cited by the plaintiff evidences an employment contract between the plaintiff and defendant.

[9]It should also be noted that, even if this Court does not have original jurisdiction over the plaintiff's claim pursuant to the LMRA, it may still exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. See United Mine Workers of America Union v. Gibbs, 383 U.S. 715, 725 (1966).

the defendant's motion to dismiss with regard to the plaintiff's possible LMRA claim is DENIED WITHOUT PREJUDICE and the following briefing schedule is established to determine this Court's subject matter jurisdiction on the LMRA claim:

(1) The defendant[10] shall submit evidence of LMRA preemption accompanied by a short memorandum placing these documents in their proper context on or before **July 20, 2006**.[11]

(2) The plaintiff should file a reply on that issue accompanied by any additional documents relating to this Court's subject matter jurisdiction on or before **August 10, 2006**.

(3) Any reply by the defendant shall be filed on or before **August 21, 2006**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the plaintiff and to counsel of record herein.

DATED:    June 27, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[10] Although the burden is on the plaintiff to establish jurisdiction in this case, this Court believes that the defendant is probably in the better position to supply the necessary documents required for this Court to determine whether subject matter jurisdiction exists on the LMRA issue.

[11] Parties may also wish to discuss this Court's supplemental jurisdiction over the plaintiff's contract claim should LMRA not be implicated.