IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BENJAMIN DAVIS,

    Plaintiff,

v().    Civil Action No. 5:05CV168
    (STAMP)

PENN WHEELING CLOSURE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S LMRA CLAIM
BUT EXERCISING SUPPLEMENTAL JURISDICTION
OVER PLAINTIFF'S BREACH OF CONTRACT CLAIM**

I.  Background

The above styled civil action arises out of claims by Benjamin Davis ("Davis") alleging that Penn Wheeling Closure, Co. ("Penn Wheeling") terminated his employment with the company because of his race. After unsuccessfully pursuing a remedy with the West Virginia Human Rights Commission ("WVHRC"), plaintiff, acting *pro se*, filed a letter with this Court initiating the present action. In the letter, which this Court has construed as a complaint, plaintiff does not allege race discrimination, but appears to argue that he was terminated in violation of an employment agreement with the defendant and that the WVHRC investigation of his termination was inadequate. In response, on November 28, 2005, the defendant filed a motion to dismiss for lack of subject matter jurisdiction. Following a Roseboro notice directing the plaintiff to respond to

the defendant's motion, plaintiff filed a response on January 24, 2006. Defendant did not reply.

On June 27, 2006 this Court entered a memorandum opinion and order denying defendant's motion to dismiss the plaintiff's Title VII claim and denying without prejudice defendant's motion to dismiss the plaintiff's potential claim under the Labor Management Relations Act ("LMRA"). A briefing schedule was then established to determine this Court's subject matter jurisdiction on the LMRA claim. Specifically, this Court requested the following information from the parties: (1) evidence of whether the plaintiff was a party to a CBA with the defendant at the time the plaintiff was terminated; (2) receipt of a copy of the CBA at issue; and (3) receipt of any employment contract between the plaintiff and the defendant. On July 20, 2006, Defendant filed a memorandum providing the Court with the requested information.

### III. Applicable Law

Original jurisdiction in the federal courts is primarily available via two avenues: diversity jurisdiction or federal question jurisdiction. See 28 U.S.C. §§1331-2. Since the parties here are both residents of West Virginia, diversity jurisdiction

cannot be invoked. Accordingly to receive federal court review, the claims in this action must implicate a federal question.[1]

Federal Rule of Civil Procedure 12(b)(1) provides a defendant with a procedural vehicle by which to seek dismissal of a claim or suit for lack of subject matter jurisdiction. Where the moving party argues that the complaint fails to allege facts sufficient to establish subject matter jurisdiction, as is the case in Penn Wheeling's motion, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

The purpose of such a motion is to test the legal sufficiency of the complaint rather than the truthfulness of the factual allegations made in support of the plaintiff's claims. See Hall v. Virginia, 385 F.3d 421, 427 (4th Cir. 2004). The court must accept as true all well-pleaded allegations contained in the plaintiff's complaint and the court must view the complaint in a light most favorable to the plaintiff. See T.G. Slater & Son, Inc. v. The Donald P. & Patricia A. Brennan, LLC, 385 F.3d 836, 841 (4th Cir. 2004).

Nonetheless, the burden remains on the plaintiff to prove that federal jurisdiction is proper. McNutt v. General Motors

---

[1] District courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

Acceptance Corp., 298 U.S. 178, 189 (1936); Richmond, Fredericksburg, & Potomac R.R. Co. v. United States, 945 F.2d 765, 768-69 (4th Cir. 1991); Adams, 697 F.2d at 1219. However, this Court does not forget its duty to construe the plaintiff's pro se pleadings liberally and holds the plaintiff's pleadings to a standard less stringent than that of an attorney. See Boag v. MacDougall, 454 U.S. 364, 365 (1982).

IV. Discussion

Section 301 of the Labor Management Relations Act confers federal question jurisdiction on the federal courts in suits for violations of collective bargaining agreements between an employer and a labor organization. See 29 U.S.C. §185. Thus, when resolution of a state law claim of wrongful discharge is substantially dependent upon analysis of the terms of a collective bargaining agreement, the claim is preempted by the LMRA. See Foy v. Giant Food, Inc., 298 F.3d 284, 287 (4th Cir. 2002). On the other hand, "the bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not require [preemption]." Id. (citing Livadas v. Bradshaw, 512 U.S. 107, 124 (1994)).

In this case, the plaintiff was a member of a recognized labor union and was covered by a collective bargaining agreement ("CBA"). Tucker Aff. ¶ 6. Penn Wheeling asserts that although Davis was

covered by the CBA, his breach of contract claim is not preempted by the LMRA because his complaint does not allege any violations of the CBA. Since the LMRA is not implicated if the plaintiff does not assert CBA violations, the defendant argues that Davis's breach of contract claim is governed solely by state law and cannot serve as an independent basis for subject matter jurisdiction. This Court agrees.

In his complaint, Davis primarily alleges that Penn Wheeling "refused to give [him] what was promised" in the letter offering him a position with the company (the "offer letter"). Pl's Compl. ¶ 3. This allegation is solely concerned with the potential contractual obligations created by the offer letter. Although this allegation is enough to raise a claim for breach of contract under state law, it is not sufficient to invoke the LMRA. Since the plaintiff does not claim in his complaint that Penn Wheeling violated the CBA, the LMRA does not preempt state law here and cannot serve as an independent basis for subject matter jurisdiction. Therefore, because the LMRA is not applicable, this Court grants defendant's motion to dismiss any claim under the LMRA that the plaintiff may purport to have raised in his complaint.

Nonetheless, even though federal question jurisdiction cannot be supplied by the LRMA, this Court has previously determined that such jurisdiction exists because of plaintiff's Title VII claim. Order Denying Def. Mot. to Dismiss and Est. a Briefing Sched., June

27, 2006. When a federal court has federal question jurisdiction, it may exercise supplemental jurisdiction over state claims if they form a part of the same case or controversy. See 28 U.S.C. §1367(a). Whether federal claims and state claims are part of the same case or controversy is determined by whether they "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." Hinson v. Norwest Financial South Carolina, Inc., 239 F.3d 611 (4th Cir. 2001) (citing Carnegie-Mellon University v. Cohill, 484 U.S. 343, 349 (1988)).

Here, plaintiff's Title VII claim and his breach of contract claim arise out of the same operative facts and the defendant does not dispute the ability of this Court to exercise supplemental jurisdiction over plaintiff's state law claim. Accordingly, this Court has subject matter jurisdiction over plaintiff's Title VII claim and his state law breach of contract claim.

## V. Conclusion

For the above reasons, the defendant's motion to dismiss with regard to any LMRA claim that plaintiff purports to have raised in his complaint is GRANTED. However, pursuant to this Court's subject matter jurisdiction over plaintiff's Title VII claim, this Court will exercise supplemental jurisdiction over plaintiff's state law breach of contract claim.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the plaintiff and counsel of record herein.

DATED:    September 5, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE